CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ZACHARY M. GLIMCHER (CABN 308053)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Telephone: (510) 637-3680
    Zachary.Glimcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 3:23-CR-00061-JSC |
|---|---|---|
| Plaintiff, | ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | ) | |
| BRITTANY STEELE RAY, | ) | Sentencing Date: November 20, 2025<br>Sentencing Time: 3:00 p.m. |
| Defendant. | ) | |

## I. INTRODUCTION

On February 16, 2023, Brittany Ray ("Ray") was indicted on one Count of mail theft, in violation of 18 U.S.C. § 1708. Pursuant to a plea agreement, Ray pled guilty to Count One on November 6, 2024. Under the terms of the plea agreement, if Ray successfully completed the Convictions Alternative Program (CAP), the United States would recommend a time-served sentence. Given Ray's successful completion of CAP and her outstanding rehabilitative achievements, the government respectfully recommends that she be sentenced to time-served followed by three years on supervised release. As further set forth in the plea agreement and by the stipulation of the parties filed in conjunction with the sentencing memoranda, Ray should be ordered to pay restitution of $41,447.88.

## II. BACKGROUND

### A. Offense Conduct

On August 29, 2021, Ray entered The Terraces, an office building located at 2300 Contra Costa Blvd, in Pleasant Hill, California. PSR ¶11-14. Using a key, Ray opened the communal mailbox, took a large amount of mail therefrom, and intended to permanently deprive its owners of its use and benefit. *Id*. From the mail she stole, Ray fraudulently deposited or attempted to deposit numerous checks belonging to addressees at The Terraces office buildings. *Id*. In total, Ray cashed, deposited, or otherwise redeemed, or attempted to cash, deposit, or otherwise redeem, approximately 11 checks with original addresses at The Terraces. *Id.*

### B. Procedural History

After pleading guilty to the one-count Indictment before the Honorable Haywood S. Gilliam Jr., the Court deferred sentencing in order to refer the case to the Conviction Alternatives Program (CAP). PSR ¶¶1-2. The case was reassigned to the Honorable Jacqueline S. Corley, and a sentencing date was set for November 20, 2025. *Id. at ¶3*.

### C. Sentencing Guidelines Calculation

The parties agree with U.S. Probation's determination of the following advisory Guidelines calculation.

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2B1.1(a)(2): | 6 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 | |
| | - §2B1.1(b)(1)(D) (loss greater than $40,000 but no more than $95,000) | +6 |
| c. | Adjustments under U.S.S.G. Ch. 3 (*e.g.*, role in the offense) | |
| d. | Acceptance of Responsibility: | - 2 |
| e. | Total Offense Level: | 10 |

U.S. Probation also determined that Ray has 18 criminal history points (Criminal History Category VI) and is subject to a Guidelines sentencing range of 24 to 30 months. U.S. Probation recommends that Ray be sentenced to time-served followed by 3 years on supervised release.

//

//

## III. DISCUSSION

### A. Legal Standards

The Court should impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines. *Id*.

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) The nature and circumstances of the offenses and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. Sentencing Recommendation by the United States

In achieving and maintaining sobriety, Ray turned a corner on her life path. She entered, participated in, benefited from, and successfully completed the CAP program without a single compliance issue. Probation describer her performance as "extraordinary." Given that jumping off point and in consideration of the 3553(a) factors, the government's recommendation of time served rests most heavily on the positive strides Ray has made leading up to and throughout her participation in CAP. A custodial sentence at this juncture would serve none of the 3553(a) factors and certainly do more harm than good to Ray. Her acceptance of responsibility, both at the Change of Plea hearing, as well as documented in the PSR, demonstrates her realization of past mistakes and desire to make victims whole

and continued to move forward with her life. It is also a demonstration that Ray is at a point where the public likely does not need further protection from her. While deterrence is always relevant at sentencing, Ray's case is not one to impose a custodial sentence other than time served. The seriousness of the offense is reflected in the restitution request, an amount not in dispute and which Ray is eager to pay. Finally, the government's recommendation of a term of three years of supervised release is supported by Ray's displayed benefit from the structure and support that she received from CAP. Through supervised release, she will continue to have resources and support from a probation officer rooting for her continued success.

For all these reasons, the government believes its sentencing recommendation is sufficient but not greater than necessary.

## CONCLUSION

The United States respectfully requests that the Court sentence Ray to time-served followed by three years on supervised release and order her to pay restitution in the amount of $41,447.88.

DATED:      November 13, 2025           Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


*/s/ Zachary M. Glimcher*
ZACHARY M. GLIMCHER
Special Assistant United States Attorney